I'd like to reserve three minutes of my time. You may want to introduce yourself. Oh, yeah. Matthew Weber for the respondent, Socorro Roque. Mr. Roque was convicted of the same crime in the prior one, the Oregon statute. And how old was he? The record does not say. Oh, the caption? The caption, he did not plead to that. First off, in this case, we'll notice that on the information there were two charges originally filed. One was under, which was the sexual contact by touching her vagina. The second one actually had. Could you slow down just for a second? The second charge, count two, which was dismissed on motion of the government, stated that he was 18 years old and engaged in sexual intercourse. That charge was specifically dismissed on a motion of the government. So your view is we can't look to the date of birth as listed in the caption? No, because if that's going to be a factor in which the court is going to make its analysis under a modified categorical approach in this case, that is not an element for which he pled. And, in fact, in the plea process, that was specifically excluded. How was it specifically excluded? Because that, the 18 years old, the count two had listed that he was, the respondent is above 18 years, or the defendant is over 18 years old and engaged in other things. That issue was there. And that was excluded. And, therefore, we must assume that he is how old? No age. Because the elements. Well, the crime requires an age. The crime does not require an age. It requires an age of the victim. The victim in the case, it does not require an age of the defendant. Does the crime require him to be 5 years older than the victim? No. The statute has no age difference. This is essentially a. But doesn't the affirmative defense, based on the affirmative defense, can't we assume that he is 5 years older than the victim? No, we can't. Because the affirmative defense is not an element of the crime that can be there. For example, an affirmative defense has to be pled in, you know, pled in the criminal court. It requires that, it would require that the defendant actually do something to, affirmatively, to defend himself. I think, I don't see at any point where modified categorical analysis or categorical analysis has allowed, has been able to shift the burden to require the defendant to unproven element of the crime. The elements of the crime, the affirmative defense, the other thing with the affirmative defense is it doesn't make it illegal. Or it doesn't make it legal. The statute, it is still illegal. Now, we can presume that generally somebody with less than 3, somebody that can do it, in this case it was 3 years for the affirmative defense. We're able to presume that it was 3 years. But that's not part of the analysis in a modified categorical approach. Why are we on a modified categorical approach? The Oregon statute says sexual abuse is sexual contact with a minor. And the INS provision is sexual abuse of a minor. Why do we go to a categorical approach? Well, I think I agree. I think it's mainly because there were two clauses. I think this is categorically, because he pled to the sexual contact, that statute, I think it's actually a categorical analysis. Okay. So it is a categorical analysis. Yes. And the categorical analysis tells us it fits exactly into the INS provision of sexual abuse of a minor. Abuse? We don't see it. We're sexually contact. Now, that's a very good point. And I want to call it, you say abuse. You don't see it in the statute. And my question to you is we can't look to the title of the statute, which is sexual abuse in the third degree? No. No. We've got this quote in our brief that that, but the title is, the statutes aren't analyzed by the title. The statutes are analyzed by the language and the precedent. And the statute doesn't control. There is a side in our brief to that. And I think that's fairly well established. And in this case, just because it says sexual abuse, it doesn't criminalize categorically sexual abuse. The only way it could be would be if it's this panel in this court or somebody is willing to say every time a teenager touches another teenager on their intimate parts, that teenager is getting abused. And that's pretty offensive to a lot of people, including some of those of us who have teenage daughters. I think. Wait. Which is offensive? The fact that a teenager. I have teenage daughters. It's not. It doesn't make you happy. But I think, no, I think it's realistic. Every time a teenager, to say this categorically, because there is a statute, does not require an age differential. And I think this is a first impression on this. I haven't seen anything on a statute as extreme as Oregon's. Because there's no age differential, it would require that we say every time a teenager gets touched, it categorically is that teenager is abused. And I think this is beyond any reasonable standard. I don't know why you're talking about abuse. I mean, this is a very simple case. It is not a categorical match because you've got two several parts of the statute, so one of them just dealing with absence of consent. So we go to a modified categorical approach because we sever Part B. Part B is a perfect match under the INS definition of a freebie. It's not. Why is that the end of the case? I mean, I don't know. I just don't understand why this court would consider it's a match. A freebie has an age differential in there. This statute does not. I'm sorry. Where does a freebie have an age differential? A freebie was more than three years. But not the definition that the INS adopted in Rodriguez and that a freebie said was reasonable. The fact that the facts of a freebie were around an age differential gives you no help at all. Because what we said in a freebie is the definition adopted by the INS entitled to Chevron deference and it is a reasonable interpretation of the law. And the definition they adopt does not have an age differential. It's, in fact, breathtakingly wide as to what it means, what the INS considers to be sexual abuse. If a freebie says it took and adopted Rodriguez-Rodriguez, it's wrong. It took part of Rodriguez-Rodriguez. Prior counsel mentioned that. Excuse me? A freebie did not. If it says it adopted Rodriguez-Rodriguez, it did not use the entire definition of what was in Rodriguez-Rodriguez. Prior counsel mentioned that. Rodriguez-Rodriguez, if there's going to be deference, referenced a statute, Webster's, Black's Law, and something else. What it said was in referring to the statute, which was essentially an irrelevant statute, they went there, it's a useful identification of the forms of sexual abuse. The statute encompasses those crimes that can reasonably be considered sexual abuse in the minor. By that, it's commonly defined as a legal sex act. Then it said specifically, abuse is defined in relevant part as physical or mental maltreatment. Now, referring to the definition a freebie mentioned, it said this is a guideline. However, abuse is defined in relevant part as physical or mental maltreatment. That's a great identification. I have no clue what you're talking about. I have no clue. I'm looking at a freebie now, and the freebie is quite clear. It says a BIA used definition in Rodriguez-Rodriguez. You got a freebie in front of you? What's that? You have a freebie in front of you? Yeah, I've got the rolling part. I think I've got the two pages there. Excuse me? Yes. Look at the bottom of page 1215. I don't think I have that page. I have the printout. Well, that's what you get. I don't believe it used the definition. I'm talking. Okay. You got a freebie in front of you? I don't have the entire. I have two pages. I don't know what counsel do coming to court without key materials. What a freebie said is the BIA used definition in Rodriguez-Rodriguez. It quoted at length. It says in the writing of the definition, this is on page 1216, the BIA followed the rule of statutory construction and looked at various things, and then goes on to say, the BIA's definition was based on a permissible construction of the statute. Consistent with our precedent, the line of authority is designed to guide it towards the common meaning of the term. Because the BIA's construction was permissible, we defer to it. Correct. We have no truck with that, Your Honor. The thing with it is, is it didn't cite the entire BIA decision. It only mentioned the language in the statute regarding child witnesses. Rodriguez-Rodriguez went in farther and specifically held abuse is defined in relevant part as physical or mental maltreatment. It specifically said that in Rodriguez-Rodriguez. So if a freebie is adopting that, it's actually not. I'm sorry. Where in Rodriguez-Rodriguez do you see that? Is that the statement? I'm sorry? I didn't hear. Where in Rodriguez-Rodriguez do you see that? 9596. Okay. Read it to me. We find the definition. 995-996. We find the definition of sexual abuse in 18 U.S.C. section 3509A8 to be a useful identification of the forms of sexual abuse. This statute encompasses those crimes that can reasonably be considered sexual abuse of a minor. The term sexual abuse is commonly defined as a legal sex act performed against a minor by a parent, guardian, relative, or acquaintance. It cites Black's Law. Abuse is defined in relevant part as physical or mental maltreatment. That's consistent with Lopez-Solis. A freebie did not mention that part of it. So if a freebie is adopting that. I'm sorry, but what does that have to do with it? It then goes on and adopts a definition. It has its discretion. Okay. And then it goes ahead and adopts a definition in light of these considerations. And that's what a freebie defers to. Well, then I guess I'm not sure what the conflict is with. Then if it's physical or mental maltreatment, unless the Court's willing to say that that's the definition of DBIF. If the Court's willing to say that all sexual contact with a minor is abusive, is physically or mental maltreatment, then we don't, there's nothing we can say. But that's a contestable issue, and especially here where there is no age differential. Which was the case in freebie. I'm sorry. I'm not sure I understood what you just said. If they define sexual abuse, if sexual abuse of a minor requires abuse, it says abuse is defined as physical or mental maltreatment. In order for the Court to find sexual abuse in a statutory rape statute, there has to be, if that is an element, which abuse is an element of sexual abuse of a minor, obviously, then the abuse has to be analyzed under a harm statute. Is there physical or mental maltreatment? That's what Lopez-Solis did. So what my sense is, is that Lopez-Solis and Afridi are not in conflict. Afridi just did not go far enough. It did not apply to the entire holding of the agency. And this is very key in this. And even though the statute is named sexual abuse in the third degree, we are supposed to ignore the title. Yeah, that's in the title. But that's the title does not – the title of the statute does not render what it covers. Rather we look at the title of the statute, we look at a dictionary. Wouldn't it be better to look at the title of the statute? I think it's to look at the elements of the statute. What is the crime prohibitive? Can I ask a quick question? We're in the context of an immigration service, which is looking to enforce congressional intent and the like. But do they not, in the routine course of their official duties, obtain the birthdate of the people applying for asylum or immigration relief? They do. So why wouldn't they be able to take judicial notice of whatever the defendant had submitted to it so they could establish the simple fact of his age? Because that's a very good point. And I think the issue with that is that, and especially in this case, is that conflates the immigration process, just certain facts. I think that would be the same as, for example, if he stipulated to committing the crime in immigration. No, no, no. Just a basic fact. Name, age, residence, all things that are part of the official record, just like the Supreme Court said, you can't refuse to give your name in a Terry statute. I guess if it's going to be used as establishing an element of a crime of conviction under a categorical approach. No, it isn't. What it is being used to do is to establish whether or not it meets their concept, and what Congress wanted them to be able to do is to decide whether or not the INS and the carrying out of its official duties could address people who engaged in inappropriate sexual behavior. If you win in this case, what you're saying is that the BIA, which has its own records, the caption, knows the guy is 33. This isn't just a couple of teenagers gone over the edge, and yet they can't exercise the very discretion that Congress intended them to do because they can't take into account what they know, what we all know. I think that's good. I think whether a conviction is included in a category, because he's removable for having been convicted of a crime with certain elements that meets the general category, I think the only thing the Court can look to, and I think it's clear all the way from Taylor to Shepard all the way through, are those elements which necessarily form part of the conviction. That's because in the normal course we are dealing, as we are here, with records that are in the possession of another agency. We're simply saying, look, we're not going to litigate the facts of the case, but we're also going to do a retrial in the immigration proceeding or the sentencing proceeding, but we are also not going to let the mistake that we have is the agency itself, which is the decision-maker has those. So, anyway, I take your point. I guess that wasn't part of why he was ordered removed. It was never found by the Court. It was simply stated. It hasn't been proved. Yeah. Thank you. Thank you very much. In this case, the government is also relying on the modified categorical approach. And we believe that applying that to the judicially-approved interpretation of what constitutes sexual abuse of a minor by the board yields the conclusion that the offense is sexual abuse of a minor under the Immigration and Nationality Act. Now, when you make that statement, is that regardless of how old the gentleman was? No. I believe that we know or we can presume that the person was criminally culpable, if you will. There is an affirmative defense that a person can rely on. And it's clear that that defense exists to prevent criminal prosecution of people who are not within this age range that the legislator seems to think causes the problem of sexual exploitation. Do we need to go there in order to fit within the definition you began your presentation with? Do we need to determine age? The elements of the crime are non-sexual contact, non-consensual sexual contact with a person under the age of 18. And when we apply the modified categorical approach, we know that the person was pled guilty to unlawfully engaging in sexual activity with a person under the age of 18. Do you understand the question? We do not need to determine the age of the perpetrator. There we go. Now you've answered the question. Okay. Thank you. KHSI, you'll stand submitted. We'll next hear argument in.
judges: Kozinski, Fisher, Guilford